O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ALFONSO M. MEJIA, | Case No. SACV 12-1682-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant.[1] | |

Plaintiff Alfonso M. Mejia ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

---

[1] The Acting Commissioner is hereby substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

## I.    **Factual and Procedural Background**

Plaintiff was born on August 15, 1968. (Administrative Record ("AR") at 34, 145). He has a limited education and past work experience as a dishwasher. (AR at 34).

On May 22, 2007, Plaintiff filed an application for DIB, alleging that he has been disabled since May 11, 2007. (AR at 145-52). On January 29, 2008, Plaintiff filed an application for SSI, alleging an onset of disability date of August 19, 2007.[2] (AR at 153-59). Plaintiff claimed that the following conditions limited his ability to work: back problems, diabetes, depression, arthritis, bipolar disorder, severe mood swings, panic attacks, and anxiety attacks. (AR at 202, 217, 243). The Social Security Administration denied Plaintiff's applications. (AR at 121-24, 126-35).

An administrative hearing was held before Administrative Law Judge Milan M. Dostal ("the ALJ") on February 17, 2011. (AR at 79-107). Plaintiff was represented by counsel at the hearing, and testified in his own behalf. (AR at 79-107). In a written decision dated March 11, 2011, the ALJ found that Plaintiff: had not engaged in substantial gainful activity since his alleged onset date of disability (step one); suffered from the severe impairments of disorder of the lumbar spine and asthma (step two); (3) did not have any impairments that met or equaled the criteria of a listed impairment (step 3); (4) had a residual functional capacity ("RFC") to perform the full range of work at all exertional levels, except work involving exposure to dust, fumes, and smoke, and was able to perform his past relevant work as a dishwasher

---

[2] On September 22, 2009, Plaintiff filed a second set of applications for DIB and SSI. (AR at 168-78). Plaintiff alleged an onset of disability date of August 19, 2007. (AR at 168, 175).

(step 4); and (5) was able to perform other work that exists in significant numbers in the economy, including work as a hand packager and small products assembler. (AR at 22-35). Therefore, the ALJ concluded that Plaintiff was not under a disability from August 19, 2007, through the date of the decision. (AR at 35).

On August 31, 2012, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR at 1-4).

Plaintiff commenced this action for judicial review on October 5, 2012. The parties filed a Joint Stipulation outlining the issues in dispute on March 1, 2013. Plaintiff contends that the ALJ erred in finding that Plaintiff's mental impairments are not severe, and by failing to properly consider Plaintiff's limitations in lifting, bending and stooping, as determined by an examining physician. (Joint Stipulation at 4-12, 15-20). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further proceedings. (Joint Stipulation at 20). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 21). The Joint Stipulation has been taken under submission without oral argument.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as

adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

### III. Discussion

#### A. Severe Mental Impairment

Plaintiff contends that the ALJ erred in failing to find his mental impairment severe at step two of the sequential evaluation process.

"An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. *Webb*, 433 F.3d at 687; *see* Social Security Ruling ("SSR") 85-28; SSR 96-3p.

Here, the medical evidence did not "clearly establish" a finding that Plaintiff's mental impairment was non-severe. The reports of two doctors, a non-examining physician and an examining psychologist,

identify significant functional limitations associated with Plaintiff's mental impairments.

State agency medical consultant, Calmeze H. Dudley, M.D., completed a psychiatric review technique form ("PRTF") and mental residual functional capacity form ("MRFC") on behalf of Plaintiff in May 2008. (AR at 753-65). Dr. Dudley determined that Plaintiff satisfied the "paragraph A" diagnostic criteria of the PRTF for Listing 12.04 (Affective Disorders). (AR at 756); *see* 20 C.F.R., Part 4, Subpart P, App. 1, 12.04. In assessing Plaintiff's functional restrictions under the "paragraph B" criteria, Dr. Dudley indicated that Plaintiff suffers from "moderate" difficulties in maintaining concentration, persistence, or pace. (AR at 764); *see* 20 C.F.R., Part 4, Subpart P, App. 1. In the MRFC, Dr. Dudley further found that Plaintiff had "moderate" limitations in the ability to maintain attention and concentration for extended periods, and "moderate" limitations in the ability to understand, remember or carry out detailed instructions. (AR at 753).

Examining psychologist, Kathy Vandenburgh, Ph.D., also determined that Plaintiff had functional limitations as a result of his mental disorder. Dr. Vandenburgh administered a complete psychological evaluation in February 2008. (AR at 653-58). Dr. Vandenburgh diagnosed Plaintiff with a learning disorder, NOS and polysubstance abuse, in remission. (AR at 657). Plaintiff's test results and the clinical data showed that Plaintiff's intellectual functioning was in the low average range, and that his memory was in the low average range. (AR at 656-57). Based on these findings and Plaintiff's learning disability, Dr. Vandenburgh concluded that Plaintiff had "marked" limitations in the ability to complete complex tasks. (AR at 657-58).

//

Dr. Dudley's and Dr. Vandenburgh's opinions establish that Plaintiff's medically documented mental impairment had more than a minimal effect on his ability to work, particularly with respect to Plaintiff's ability to maintain concentration, persistence, or pace. *See Webb*, 433 F.3d at 687. The ALJ, however, failed to cite any basis for discounting these doctor's findings.

An ALJ is responsible for resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The opinion of an examining physician, however, cannot be disregarded by the ALJ without "specific and legitimate reasons . . . supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). State agency psychologists are treated as expert, non-examining sources in disability proceedings. The ALJ may not ignore these opinions and must explain the weight given. SSR 96-6p.

In the decision, the ALJ determined that Plaintiff's mental impairments were not severe based on his assessment of Plaintiff's limitations in the four broad functional areas described in "paragraph B" of the PRTF: activities of daily living; social functioning; concentration, persistence and pace; and episodes of decompensation. (AR at 24-25); 20 C.F.R., Part 4, Subpart P, Appendix 1; *see also* 20 C.F.R. § 404.1520a(c)(3). The ALJ found that Plaintiff had "mild" limitations in the second and third functional areas and "no" limitations in the first and fourth areas. (AR at 24). With respect to the finding that Plaintiff had only a "mild" limitation in concentration, persistence, and pace, the ALJ cited excerpts from Dr. Vandenburgh's psychological evaluation report. (AR at 24, 655). Specifically, the ALJ cited Dr. Vandenburgh's findings that Plaintiff was able to "focus on tasks," "needed little supervision to persist," and "was able to recall five

digits forward . . . [and] three digits backward." (AR at 24, 655). Also, the ALJ noted that another examining physician, Dr. Duong, found that Plaintiff had difficulty completing "serial 7's" correctly. (AR at 24, 860).

The ALJ erred in failing to provide reasons for discounting Dr. Dudley's and Dr. Vandenburgh's opinions. *Lester*, 81 F.3d at 831; *see also* SSR 96-6p. Although the ALJ discussed some of Dr. Vandenburgh's findings in the decision, the ALJ provided no justification for disregarding Dr. Vandenburgh's finding that Plaintiff has "marked" limitations in the ability to complete detailed tasks. The ALJ also failed to explain why he rejected Dr. Dudley's finding that Plaintiff has "moderate" limitations in the area of concentration, persistence, or pace. Thus, the ALJ's step two determination is not supported by substantial evidence.

## IV. Conclusion

This case will be reversed and remanded so that the ALJ may further evaluate the medical evidence and make appropriate findings. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).[3]

//
//

---

[3] In light of this remand, the Court does not reach Plaintiff's remaining arguments. *See Bunnell*, 336 F.3d at 1115-16. The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of the Commissioner is **REVERSED**; (2) Plaintiff's request for remand is **GRANTED**; and (3) this action is **REMANDED** for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  March 19, 2013

_____
MARC L. GOLDMAN
United States Magistrate Judge